UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23260

EDUARDO GONZALEZ,

    Plaintiff,

vs.

EL FARO BAKERY, INC. and
BARBARA MOLLINEDO,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME VIOLATION(S)**

Plaintiff, Eduardo Gonzalez, sues Defendants, El Faro Bakery, Inc. and Barbara Mollinedo, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Eduardo Gonzalez**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2. Plaintiff was a non-exempt employee of Defendants.

3. Plaintiff consents to join in this lawsuit.

4. **Defendant, El Faro Bakery, Inc.**, is a for profit Florida corporation that is *sui juris* and has operated its business here, in Miami-Dade County, Florida, at all times material.

5. **Defendant, Barbara Mollinedo**, was and is an owner and operator of the corporate Defendant for the relevant time period. She ran its day-to-day operations, had supervisory authority over Plaintiff, hired and/or fired Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

1

6. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

7. Both Defendants employed Plaintiff.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, as Plaintiff's principal claim for relief arises from a federal statute, namely the Fair Labor Standards Act of 1938 (as amended), 29 U.S.C. §203 et seq. (the "FLSA").

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because Defendants transact business in Miami-Dade County, maintain their office and principal place of business and/or live in Miami-Dade County, and also employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within Miami-Dade County.

### ***Common Background Factual Allegations***

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

11. In particular, Defendants own an operate a bakery that utilizes wheat products, baking products, baking powders, ovens, oils, materials, and supplies to produce fresh and frozen breads, cakes, rolls and pastries.

12. Defendants have been at all times an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, and sale of foodstuffs, baked goods, and products that have moved through interstate commerce.

2

13. Defendants cooked, prepared, and stored perishables while using machinery, appliances, refrigeration goods, freezers, supplies and materials that also have moved through interstate commerce.

14. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and routinely use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

15. Defendants also market, sell, and ship their products to customers located outside of the State of Florida.

16. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or more than $125,000 for each relevant annual fiscal quarter.

17. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

18. In particular, Plaintiff worked for Defendants making "batters" to be used to make Defendants' finished products.

19. Plaintiff's work involved handling and mixing food, ingredients, flour, baking soda, and other food-grade ingredients that traveled through interstate commerce prior to his using them in his baking process. Afterwards, the finished baking products would be placed into the stream of interstate commerce.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

20. Defendants agreed to pay Plaintiff at a rate of $10.00 per hour for each hour he worked.

21. Plaintiff worked for Defendants from approximately January 2018 to July 19, 2019.

22. To the extent that records exist regarding the exact dates and times of Plaintiff's employment exist, as well as the records of payment for same, such records are in the exclusive custody of Defendants.

23. Plaintiff's "regular" shift for Defendants was from approximately 5:00 a.m. to 4:30 p.m., Monday through Friday, although the actual times that he started and stopped working each day varied.

24. Plaintiff routinely worked more than 40 hours per week hours for Defendants, at an average of 54 to 56 hours per week

25. Although Defendants knew or reasonably should have known that Plaintiff worked more than 40 hours per week, Defendants did not pay Plaintiff overtime pay calculated at one and one-half times his regular rate of pay for the overtime hours he worked and instead paid him at his regular hourly rate for all hours worked.

26. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for all overtime hours worked violated the Federal Wages Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the over time pay earned, and then failed to timely correct their violation after having known and been put in notice of same.

27. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty/liquidated damages, plus all attorney's fees and costs.

28. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

29. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Eduardo Gonzzlez, demands the entry of a judgment in his favor and against Defendants, El Faro Bakery, Inc. and Barbara Mollinedo, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

5

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 5th day of August 2019.

                                            Respectfully Submitted,

                                            s/Brian H. Pollock, Esq.
                                            Brian H. Pollock, Esq.
                                            Fla. Bar No. 174742
                                            brian@fairlawattorney.com
                                            FAIRLAW FIRM
                                            *Counsel for Plaintiff*
                                            7300 N. Kendall Drive
                                            Suite 450
                                            Miami, FL 33156
                                            Tel:    305.230.4884

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*